UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STACEY C. HULSE,<br><br>        Petitioner,<br><br>v.<br><br>TIM WENGLER,<br><br>        Respondent. | Case No. 1:12-cv-00345-CWD<br><br>**INITIAL REVIEW ORDER** |

      Stacey C. Hulse has filed a Petition for Writ of Habeas Corpus in this Court, which the Clerk has filed conditionally pending the Court's initial review. (Dkt. 3.) The Court is required to screen habeas corpus petitions to determine whether they are subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id*.

      Petitioner has consented to a United States Magistrate Judge conducting all proceedings, including entering final judgment, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Dkt. 6.)

## REVIEW OF THE PETITION

In 2011, Petitioner pled guilty in the Fourth Judicial District of Idaho, Ada County, to one count of failing to register as a sex offender. (Petition, Dkt. 3, pp. 1-2.) The state court sentenced Petitioner to ten years in prison, with the first year fixed, and Petitioner did not appeal from the judgment. (*Id*. at pp. 1-2.) Instead, nearly one year later, he filed a petition for post-conviction relief, alleging that he had been deprived of his constitutional right to the effective assistance of trial counsel. (Dkt. 3, p. 3.) The state post-conviction matter is currently ongoing, and an evidentiary hearing is set for December 27, 2012.[1] (Dkt. 3, p. 2.)

As in the state post-conviction action, Petitioner contends in his Petition for Writ of Habeas Corpus that he was deprived of his right to the effective assistance of trial counsel under the Sixth Amendment. (Dkt. 3, pp. 6-9.) For the reasons that follow, the Court finds that the Petition is subject to summary dismissal under Habeas Rule 4.

Federal courts may entertain an application for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner who seeks federal habeas relief, however, must first "exhaust" his state court remedies before including a claim in a habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim properly, the petitioner must have fairly presented it to the

---

[1] The Court takes judicial notice of the register of actions in *Hulse v. State*, Ada County Case No. CV-PC-2012–05216.  *See* www.idcourts.us/repository.

**INITIAL REVIEW ORDER - 2**

highest state court in a procedurally proper manner, giving the state court an opportunity to correct the constitutional error before a federal court intervenes. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Idaho, this means that a habeas petitioner must have included the same federal claim in a petition for review in the Idaho Supreme Court, if his initial appeal was decided by the Idaho Court of Appeals. Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal court cannot grant relief. 28 U.S.C. § 2254(b)(2).

Here, Petitioner admits that he has not yet brought any claims of ineffective assistance of counsel in the Idaho Supreme Court, but he still has the opportunity to do so in the pending post-conviction action. He may also receive relief in that proceeding, which would render the federal case moot.

Although this Court has the authority to hold a habeas petition in abeyance that contains at least one exhausted claim pending the exhaustion of additional claims in the state courts, the Court must dismiss a petition that contains *no* exhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 276-77 (2005) (holding that district courts have the discretion to stay "mixed petitions" upon a showing of good cause); *see also Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (finding that dismissal is appropriate when petitions contain only unexhausted claims). A petitioner whose first petition has been dismissed on this basis may return to federal court with a new petition once he has fully exhausted his state court remedies, assuming that he complies with the applicable statute

**INITIAL REVIEW ORDER - 3**

of limitations (a filing deadline) in 28 U.S.C. § 2244(d).[2]

Accordingly, it plainly appears that Petitioner will not be entitled to relief in this Court. Before the Court enters judgment dismissing the case, Petitioner will have an opportunity to show cause why the Petition should be retained. In the alternative, he may submit a notice of voluntary dismissal, which would result in dismissal without prejudice.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application for In Forma Pauperis Status (Dkt. 1) is GRANTED. The $5.00 filing fee is waived.

2. Petitioner's request for the appointment of counsel, contained within his Petition, is DENIED without prejudice. Petitioner has been able to articulate his claims sufficiently to this point and it does not appear likely that he has any potentially meritorious claims that would warrant the appointment of counsel at this time. Should the matter proceed, the Court may reconsider the request for counsel on its own, if appropriate.

3. No later than 30 days from the date of this Order, Petitioner shall file a response showing cause why his Petition should not be dismissed. If Petitioner no longer wishes to pursue this matter, he shall file a Notice of

---

[2] Petitioner should be aware that, absent equitable tolling, the one-year limitations period begins to run once a judgment is final in state court and continues to run any time that a petitioner did not have a properly filed action pending in the Idaho courts. 28 U.S.C. § 2244(d)(2).

Voluntary Dismissal with the Court by that same deadline.



DATED: January 3, 2013

Honorable Candy W. Dale
United States Magistrate Judge

**INITIAL REVIEW ORDER - 5**